UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLEB NESIS, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>NEW YORK QUALITY HEALTHCARE CORPORATION D/B/A FIDELIS CARE,<br><br>*Defendant*. | Civil Case No.: _____<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THIS ACTION

1. Gleb Nesis ("Plaintiff" or "Mr. Nesis") brings this class action against New York Quality Healthcare Corporation d/b/a Fidelis Care ("Defendant" or "Fidelis Care") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Fidelis Care routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Fidelis Care routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

5. This Court has jurisdiction over Fidelis Care because Fidelis Care regularly conducts business transactions in this District and has committed tortious acts in this District.

1

Fidelis Care also maintains a principal place of business in this District located at 5-25 Queens Boulevard, Queens Office Tower, Rego Park, New York, 11374.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this District.

7. For example, Fidelis Care directed the artificial or prerecorded voice messages to Mr. Nesis' cellular telephone, which is located within this District.

## PARTIES

8. Mr. Nesis is a natural person who at all relevant times resided in Bronx, New York.

9. Mr. Nesis is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

10. Fidelis Care is a corporation organized and existing under New York law with its principal place of business located at 5-25 Queens Boulevard, Queens Office Tower, Rego Park, New York 11374.

11. Fidelis Care is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. Mr. Nesis is, and has been for the relevant time period, the customary user of his cellular telephone number—(XXX) XXX-1718.

13. In or around May 2021, Fidelis Care began placing calls to telephone number (XXX) XXX-1718, intending to reach someone other than, and unknown to, Mr. Nesis.

14. Fidelis Care used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (XXX) XXX-1718.

15. For example, on multiple occasions Fidelis Care placed a call from telephone number 888-522-0217 to telephone number (XXX) XXX-1718, and delivered the following artificial or prerecorded voice message:

> Hello. This is Fidelis Care calling with an important message. Being a valued member of Fidelis Care gives you so much more. We care about your health and well-being. A Fidelis Care case manager can help with coordinating your health care services, medication and support. And can also connect you with community-based services and program. To help us guide your care, we would like to complete your annual health risk assessment. We can complete this assessment over the phone. To speak with an agent to complete your health risk assessment and to learn more about programs and benefits available to you, please call Fidelis Care at 1-800-247-1441, Monday through Friday from 8:30AM to 5:00PM. TTY Users call 711. Fidelis Care would like to thank you again for choosing us as your health insurance plan. For any questions about this message or to be added to our do-not-call list, please call 1-800-247-1441.

16. When dialed, telephone number (800) 247-1441 plays a greeting that begins: "Thank you for calling Fidelis Care and World Care by Fidelis Care."

17. On a number of occasions Mr. Nesis answered calls from Fidelis Care and listened to an artificial or prerecorded voice message that Fidelis Care delivered.

18. On a number of occasions Mr. Nesis did not answer calls from Fidelis Care, Fidelis Care left a voicemail message, and Mr. Nesis listened to the artificial or prerecorded voice message that Fidelis Care delivered.

19. Specifically, Mr. Nesis received voicemail messages from Fidelis Care that played the prerecorded message described above on the following dates and times:

- November 8, 2021 at 3:37pm;
- November 10, 2021 at 3:37pm;
- November 12, 2021 at 10:43am;
- December 2, 2021 at 3:05pm;
- December 6, 2021 at 1:36pm;

- December 8, 2021 at 2:57pm;
- December 15, 2021 at 12:41pm;
- December 17, 2021 at 2:43pm;
- December 20, 2021 at 12:09pm;
- December 21, 2021 at 12:32pm;
- December 22, 2021 at 11:09am;
- December 23, 2021 at 11:00am;
- May 9, 2022 at 11:40am;
- May 13, 2022 at 12:13pm;
- June 6, 2022 at 12:47pm; and
- June 8, 2022 at 2:14pm.

20. Mr. Nesis called Fidelis Care, informed Fidelis Care that it had reached a wrong number in placing calls to telephone number (XXX) XXX-1718, explained to Fidelis Care that its calls to telephone number (XXX) XXX-1718 were intended for someone other than him because he did not have a Fidelis Care plan, and instructed Fidelis Care to stop placing calls to telephone number (XXX) XXX-1718.

21. Fidelis Care, however, continued to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-1718.

22. Fidelis Care placed more than 16 calls to telephone number (XXX) XXX-1718 after May 2021.

23. Fidelis Care delivered, or attempted to deliver, more than 16 artificial or prerecorded voice messages to telephone number (XXX) XXX-1718 after May 2021.

24. Fidelis Care placed the subject calls to telephone number (XXX) XXX-1718 in an effort to reach a third party not related to Mr. Nesis in any personal or professional manner.

25. Mr. Nesis does not know the person Fidelis Care intended to reach by placing the subject calls to telephone number (XXX) XXX-1718.

26. Mr. Nesis does not have, nor did he have, any business relationship or insurance plan with Fidelis Care.

27. Mr. Nesis is not, nor was, a customer of Fidelis Care.

28. Mr. Nesis did not provide telephone number (XXX) XXX-1718 to Fidelis Care.

29. Mr. Nesis did not provide Fidelis Care with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-1718.

30. Fidelis Care placed the subject calls to telephone number (XXX) XXX-1718 for non-emergency purposes.

31. Fidelis Care placed the subject calls to telephone number telephone number (XXX) XXX-1718 voluntarily.

32. Fidelis Care placed the subject calls to telephone number (XXX) XXX-1718 under its own free will.

33. Fidelis Care had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number telephone number (XXX) XXX-1718.

34. Mr. Nesis suffered actual harm as a result Fidelis Care's subject calls, in connection with which it used an artificial or prerecorded voice message, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

35. Upon information and good faith belief, Fidelis Care, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## CLASS ACTION ALLEGATIONS

36. Mr. Nesis brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class and subclass:

> *Class*: All persons throughout the United States (1) to whom Fidelis Care placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Fidelis Care customer, (3) in connection with which Fidelis Care used an artificial or prerecorded voice, (4) from four years prior to the filing of the Complaint through the date of class certification.
>
> *Subclass*: All persons throughout the United States (1) to whom Fidelis Care placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Fidelis Care customer, (3) in connection with which Fidelis Care used an artificial or prerecorded voice, (4) after the called party informed Fidelis Care that the telephone number it called was a wrong or reassigned telephone number, or instructed Fidelis Care to stop placing calls to the telephone number, (5) from four years prior to the filing of the Complaint through the date of class certification.

37. Excluded from the class and subclass are Fidelis Care, Fidelis Care's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Fidelis Care has or had a controlling interest. Also excluded from the class and subclass are persons who is a Judge assigned to this case or a member of such Judge's staff or immediate family.

38. Upon information and belief, the members of the class and subclass are so numerous that joinder of all of them is impracticable.

39. The exact number of the members of the class and subclass are unknown to Mr. Nesis at this time, and can be determined only through appropriate discovery.

40. The members of the class and subclass are ascertainable because they are defined

by reference to objective criteria.

41. In addition, the members of the class and subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Fidelis Care and by third parties.

42. Mr. Nesis' claims are typical of the claims of the members of the class and subclass.

43. As it did for all members of the class and subclass, Fidelis Care placed calls to Mr. Nesis' cellular telephone number in connection with which it used an artificial or prerecorded voice.

44. Mr. Nesis' claims, and the claims of the members of the class and subclass, originate from the same conduct, practice, and procedure on the part of Fidelis Care.

45. Mr. Nesis' claims are based on the same theories as the claims of the members of the class and subclass.

46. Mr. Nesis suffered the same injuries as the members of the class and subclass.

47. Mr. Nesis will fairly and adequately protect the interests of the members of the class and subclass.

48. Mr. Nesis' interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class and subclass.

49. Mr. Nesis will vigorously pursue the claims of the members of the class and subclass.

50. Mr. Nesis has retained counsel experienced and competent in class action litigation.

51. Mr. Nesis' counsel will vigorously pursue this matter.

52. Mr. Nesis' counsel will assert, protect, and otherwise represent the members of the class and subclass.

53. The questions of law and fact common to the members of the class and subclass predominate over questions that may affect individual members of the class and subclass.

54. Issues of law and fact common to all members of the class and subclass are:

   a. Fidelis Care's violations of the TCPA;

   b. Fidelis Care's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c. Fidelis Care's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   d. Fidelis Care's use of an artificial or prerecorded voice;

   e. Whether Fidelis Care negligently, knowingly, or willfully engaged in conduct that violated the TCPA;

   f. Whether Plaintiffs and Class and Subclass members were damaged by Fidelis Care's violations of the TCPA, and the extent of damages for each instance in which the TCPA was violated; and

   g. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the class and subclass would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the class and subclass would, as a practical matter, be dispositive of the interests of other members of the class and subclass, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the class and subclass could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Fidelis Care.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class and subclass.

60. The damages suffered by individual members of the class and subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class and subclass to redress the wrongs done to them.

61. The pursuit of Mr. Nesis' claims, and the claims of the members of the class and subclass, in one forum will achieve efficiency and promote judicial economy.

62. There will be little difficulty in the management of this action as a class action.

63. Fidelis Care has acted or refused to act on grounds generally applicable to the members of the class and subclass, making final declaratory or injunctive relief appropriate.

## COUNT I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

64. Mr. Nesis repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. Fidelis Care violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with the non-emergency calls it placed to Mr. Nesis' cellular telephone number and the cellular telephone numbers of the members of the class and subclass, without consent.

66. The foregoing acts and omissions of Fidelis Care constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

67. As a result of Fidelis Care's violations of 47 U.S.C. § 227, et seq., Plaintiff, the Class, and the SubClass are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

68. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

69. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

70. Plaintiff, the Class, and the SubClass are also entitled to and do seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Nesis, individually, and on behalf of all others similarly situated, prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Mr. Nesis as a representative of the class and subclass under Federal Rule of Civil Procedure 23;

c) Designating the undersigned counsel as counsel for the class and subclass under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Fidelis Care violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Fidelis Care from continuing its violative behavior, including continuing to place calls to Mr. Nesis' cellular telephone number, and to the cellular telephone numbers of members of the class and subclass, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Mr. Nesis and the members of the class and subclass damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Mr. Nesis and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Mr. Nesis and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Mr. Nesis and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Nesis demands a trial by jury of any and all triable issues.

Date: August 26, 2022

Respectfully submitted,

*/s/ Javier L. Merino*
Javier L. Merino
**DANN LAW**
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
notices@dannlaw.com
(201) 355-3440- Direct
(216) 373-0539- Main
(216) 373-0536- Fax

                    Max S. Morgan, Esquire
(*pro hac vice* anticipated)
Eric. H. Weitz, Esquire
(*pro hac vice* anticipated)
THE WEITZ FIRM, LLC
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*Counsel for Plaintiff and the Putative Classes*