UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
**GLEB NESIS,** on behalf of himself and all
others similarly situated,

        Plaintiff,

        v.

**NEW YORK QUALITY HEALTHCARE
CORPORATION D/B/A FIDELIS CARE,**

        Defendant.
----------------------------------------------------------------

Case No. 1:22-cv-07304-CM-SLC

**JOINT PROTECTIVE ORDER**

## STIPULATED PROTECTIVE ORDER

The Parties, through their counsel, acknowledge and agree that the proceedings in this lawsuit may require disclosure of information – either documentary, testimonial, or both – that includes proprietary data, valuable and non-public commercial information, and/or information subject to the protections set forth in the Health Insurance Portability and Accountability Act of 1996 and the regulations promulgated under it at 45 C.F.R. Parts 160 and 164 ("HIPAA-protected information"). Accordingly, Plaintiff Gleb Nesis, and Defendant New York Quality Healthcare Corporation D/B/A Fidelis Care (collectively, the "Parties") record, stipulate, agree, and ask the Court to order as follows.

    1.    "Discovery Material." This Protective Order applies to all documents and information produced or disclosed at any time in this lawsuit, and to all Confidential Information otherwise produced by a Party or non-party in this Lawsuit, whether revealed in a document, deposition, interrogatory answer, or otherwise (hereinafter "Discovery Material").

    2.    "Confidential Information." The Parties may designate any Discovery Material, or other information derived from it as "Confidential" or "Highly Confidential" under this Protective

1

Order. The term "Confidential Information" as used here refers to materials designated as "Confidential" and "Highly Confidential," and is information that has not been made public and which the producing Party believes in good faith warrants protection from public disclosure, including, but not limited to, HIPAA-protected health information ("PHI"), non-PHI confidential member information, financial books, and records, tax returns, billing information, bank account information, W-2s, 1099s, non-public contracts and agreements, and any other sensitive commercial, financial, and/or proprietary information that a party and/or non-party deems confidential. Confidential Information also includes any summaries, copies, abstracts, compilations, or other documents derived in whole or in part from the Confidential Information. Confidential Information as used herein does not include information, that the receiving party can demonstrate through written documentation: (a) was in the receiving party's possession before receipt from the disclosing party; (b) was made public intentionally by the producing party; or (c) is furnished to the receiving party by a third party who is under no obligation of confidentiality and has the right to make sure disclosure without any restriction. The foregoing exceptions do not apply to HIPAA-protected information. For clarity, HIPAA-protected information shall not lose its status as Confidential Information if (1) it is in the receiving party's possession before receipt from the disclosing party, (2) is or becomes available to the public through no fault, act or omission of the receiving party; or (3) is furnished to the receiving party by a third party who is under no obligation of confidentiality and has the right to make sure disclosure without any restriction.

    a.    PHI shall generally be designated as "Highly Confidential" in order to limit the information's use and disclosure to the minimum necessary to accomplish its intended purpose.

    3.    <u>Designation of Information as Confidential.</u> Discovery Material may be designated

as Confidential Information subject to the provisions below.

      a.    Any Discovery Material supplied in electronic, written, documentary, or other tangible form, that the producing Party wishes to designate as Confidential Information, must be labeled by the producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Neither the designation nor the disclosure of information under this Order will operate as a waiver of attorney-client privilege or protections afforded by the attorney work-product doctrine with respect to the subject of the information disclosed.

      b.    A Party may designate Discovery Material produced by any other Party or a non-party as Confidential Information by informing all Parties in writing of the designation within thirty (30) days of the Party's receipt of such documents. On notice of such designation, each Party holding the affected documents shall properly label them as provided in Paragraph 3(a).

      c.    Third parties may designate Discovery Material produced by them as "Confidential" or "Highly Confidential" under this Protective Order, and such Discovery Material will be protected by this Protective Order to the same extent as Discovery Material produced by the Parties.

      d.    When information contained or incorporated in a deposition transcript is designated by a Party as Confidential Information, including by so designating such information on the record at deposition, arrangements shall be made with the deposition's reporter by the Party making the designation to bind the confidential portions of the transcript separately and label it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. Further, during depositions, any Party or non-party claiming confidentiality with respect to Confidential Information that is to be disclosed or on which questions may

be based may exclude from the room any Party or person who is not among the persons set forth in Paragraphs 5 and 6, below. All deposition testimony will be treated as Confidential Information for thirty (30) days after receipt of a deposition transcript to allow the Parties to review and designate testimony as Confidential Information within the thirty (30) days.

4.  <u>Non-Disclosure of Confidential Information.</u> Discovery Material designated as Confidential Information under this Order may be disclosed or made available only to the appropriate persons described in Paragraphs 5 and 6 below, and shall not be given to, reviewed by, given copies to, sent to or otherwise made available to, in any way, those not so designated.

   a.  The Parties stipulate and agree that Confidential Information shall not be used for any purpose other than this litigation, including any appeal . Non-permitted uses include, but are not limited to, non-litigation use, arbitration/litigation use in other cases, disclosure to third parties, disclosure to the press, disclosure to attorneys not representing Parties, or disclosure to state or federal governmental agencies, offices, agents, officials (elected or otherwise), except under valid subpoena. If a valid subpoena is issued for any documents produced and designated as Confidential Information, the Party so served shall immediately serve a copy of the subpoena on all Parties, so the other Party(ies) has the opportunity to move to quash.

   b.  This Order applies only to the use or disclosure by a Party of Confidential Information designated as such by another Party. It shall not have the effect of limiting the supplying or designating Party's right to use the Party's own documents, materials, and information for any proper purpose outside of this litigation.

5.  <u>Qualified Persons for Discovery Material Designated as "Confidential."</u>

   a.  For purposes of this Order, these persons shall be permitted access to

Discovery Materials designated as "Confidential" (rather than "Highly Confidential"):

    1. The Parties' counsel in this Lawsuit;

    2. Any employee serving in any role within the Parties' organization;

    3. The Court and its staff;

    4. A litigation assistant, paralegal, clerical, or support staff, or outside vendors assisting a Party or its counsel in this lawsuit;

    5. Court reporters, mediators, and similar personnel engaged to perform services in this lawsuit with the knowledge of all Parties;

    6. An outside expert or consultant (including such expert or consultant's clerical or support staff) who is being consulted or retained by counsel in this lawsuit;

    7. A witness at any deposition or other proceeding; and

    8. Any other person as to whom the Parties agree in writing.

    b. Before receiving any Discovery Materials designated as "Confidential," the persons identified in 5(a)(6) through (8) shall execute a nondisclosure agreement in the form of the attached Exhibit A.

6. Qualified Persons for Discovery Material Designated as "Highly Confidential."

    a. For purposes of this Order, these persons shall be permitted access to Discovery Materials designated as "Highly Confidential" (rather than "Confidential"):

    1. The Parties' counsel in this Lawsuit;

    2. In-house counsel for the Parties;

    3. Any employee of the Parties whose name appears on the document or who participated in the communication;

    4. The Court and its staff;

    5. A litigation assistant, paralegal, clerical, or support staff, or

outside vendors assisting a Party's counsel in this lawsuit;

6. Court reporters, mediators, and similar personnel engaged to perform services in this lawsuit with the knowledge of all Parties;

7. An outside expert or consultant (including such expert or consultant's clerical or support staff) who is being consulted or retained by counsel in this lawsuit;

8. A witness at any deposition or other proceeding; and

9. Any other person as to whom the parties agree in writing.

b. Before receiving any Discovery Materials designated as "Highly Confidential," the persons identified in 6(a)(7) through (9) shall execute a nondisclosure agreement in the form of the attached Exhibit A.

7. Court Procedures. If any Confidential Information is used in any proceeding, it shall not lose its status as Confidential Information and the Party using it must take all reasonable steps to maintain its confidentiality during such use:

a. For applications and motions to the Court, in connection with which a Party submits Confidential Information, the Party shall seek to file all Confidential Information using the Court's procedures for filing under seal. The filing Party shall immediately provide counsel for all non-filing parties with a complete, unredacted copy of the document.

b. Any hearing that refers to or describes Confidential Information may, in the Court's discretion, be held in camera.

c. If any Party desires at a hearing or trial to offer into evidence Confidential Information or otherwise to use Confidential Information to reveal its nature, such offer or use shall be made only on taking all necessary steps to preserve the confidentiality of the

material. The Party desiring to offer into evidence Confidential Information shall ask the Court to instruct the court reporter to separately transcribe those portions of the testimony so designated and place these words on the cover of the transcript containing such information: "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" as appropriate.

8.      <u>No Probative Value.</u> This Order is entered to facilitate the exchange of documents and information between the Parties without involving the Court unnecessarily in the process. The designation of information or material as Confidential Information under this Order shall not determine or affect the probative value of the information.

9.      <u>Procedure for Challenging Designations.</u> If a Party challenges the designation of any other Party made under this Protective Order, the challenging Party shall provide the designating Party written notice of any such challenge and shall identify in such notice the Bates number of the documents and/or the deposition transcript at issue. The Parties shall make good-faith efforts to resolve the dispute. If the Parties are unable to resolve the dispute, in good faith, within thirty (30) days of receipt of the written notice, the Party defending the designation shall have the burden to demonstrate to the Court that the designation is proper under this Protective Order and shall file a Motion, within 14 days after the expiration of the thirty (30) day period, to confirm the confidentiality designation of the document or information in question. The Confidential Information in controversy shall not be disclosed or declassified until required by the Court on written order, or as agreed in writing by the Party who designated the information.

10.     <u>Inadvertent Disclosure of Confidential Information.</u> Should any document or information designated as Confidential Information under this Order be disclosed, through inadvertence or error, to any person or party not entitled to receive same under this agreement, then the Party identifying the disclosure shall notify all other Parties of the disclosure and use their

best efforts to bind such persons to the terms of this Order.

11. <u>Discoverability and Admissibility of Documents.</u> Nothing in this Order shall be construed to affect either the discoverability or admissibility at a hearing or trial of any document, recording, or thing. Neither shall any Party's entry into this Order be deemed to waive either its right to object to the production of documents, recordings, or things on appropriate grounds, or to move to compel the production of documents, recordings, or things wrongfully withheld from production by another party or entity on appropriate grounds.

12. <u>No Waiver.</u> No Party to this action shall be obligated to challenge the propriety of any confidentiality designation within a specific period, and a failure to do so shall not waive, or preclude a subsequent challenge to, the propriety of such designation. Nothing in this Order shall abridge the right of any person/entity to seek review or to pursue other appropriate action to seek a modification or amendment of this Order.

13. <u>Court's Jurisdiction.</u> This Order applies to any and all appeals in this action and shall survive the final termination of this action, to the extent that the information designated as Confidential Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under or in violation of this Order.

14. <u>HIPAA.</u> Certain documents and information relevant to the claims and defenses in this action may contain health care or medical information regarding or related to individuals who have a privacy interest in such information. Such documents and information may include HIPAA-protected information meeting the definition of protected health information under 45 C.F.R. 160.103 or information protected under other similar statutory or regulatory privacy protections. This Order shall constitute a Qualified Protective Order under 45 C.F.R. § 164.423(e)(1)(v).

15. <u>Treatment of Materials While Order is Pending.</u>  On execution of this Order by counsel to the Parties and while this Order is pending before the Court, all documents and information produced by any Party that is designated as Confidential Information shall be treated by the Parties as classified by the designating Party under the terms of this Order.

16. <u>Destruction of Confidential Material at Conclusion of Lawsuit.</u>  Within sixty (60) days after the final termination of this action, the receiving Party shall either: (1) assemble and return all Confidential Information to each designating Party or person, or (2) destroy all Confidential Information produced by the other Party, including all copies of such documentary material. Should a Party elect to destroy all materials rather than return such materials, counsel for such Party shall provide a written confirmation of such destruction within sixty (60) days after the final termination of this action.  Counsel for each Party may maintain a full and complete file, except for HIPAA-protected information or personally identifiable information, provided all Confidential Information is maintained as confidential pursuant to this Protective Order.

17. <u>Amendment.</u> The Parties may amend this Protective Order only through mutual agreement in writing.

**STIPULATED AND AGREED TO:**

| THE WEITZ FIRM, LLC | HUSCH BLACKWELL LLP |
|---|---|
| By: /s/ *Max S. Morgan* | By: /s/ *Matthew D. Knepper* |
| Max S. Morgan* | Jason Husgen, Reg. No. JH2201 |
| Eric H. Weitz* | Matthew D. Knepper* |
| The Weitz Firm, LLC | HUSCH BLACKWELL LLP |
| 1515 Market Street, #1100 | 190 Carondelet Plaza, Suite 600 |
| Philadelphia, PA 19102 | St. Louis, MO 63105 |
| P: (267) 587-6240 | P: (314) 480-1921 |
| | P: (314) 480-1848 |
| *Admitted *Pro Hac Vice* | |
| | Danny Solomon* |
| Javier L. Merino | HUSCH BLACKWELL LLP |
| DANN LAW | 1801 Pennsylvania Avenue, NW |
| 1520 U.S. Highway 130, Suite 101 | Suite 1000 |
| North Brunswick, NJ 08902 | Washington, D.C. 20006-3606 |
| | P: (202) 378-2391 |
| **Attorneys for Plaintiff Gleb Nesis** | |
| | *Admitted *Pro Hac Vice* |
| | **Attorney for Defendant New York Quality Healthcare Corporation d/b/a Fidelis Care** |

Based on the foregoing submissions of the parties and good cause appearing therefore,

**IT IS SO ORDERED.**

Dated: January 4, 2023

*[signature: Sarah Cave]*

Sarah L. Cave
United States Magistrate Judge

10

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT FOR MATERIALS DESIGNATED AS "CONFIDENTIAL"**

I, _____ (Print Name), being of full age, certify that I have read the Stipulated Protective Order entered in the case entitled, <u>Gleb Nesis v. New York Quality Healthcare Corporation D/B/A Fidelis Care</u>, Case No. 1:22-cv-07304-CM (S.D.N.Y.) and agree to be bound by its terms; to maintain that information designated as "Confidential" in confidence; not to use or disclose information designated as "Confidential" to anyone other than those permitted by the Stipulated Protective Order; to destroy or return Confidential Information at the termination of this lawsuit; and not to use Confidential Information except in connection with this case, provided that nothing shall prevent disclosure beyond the terms of this Order if the party claiming confidentiality consents in writing prior to disclosure.

To effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court for the Southern District of New York, in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Signature

_____
Print Name

_____
Address